IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS J. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-1217-JDT-egb |
| ) | |
| CARROLL COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On September 2, 2014, Plaintiff Nicholas J. Simmons, who was, at the time, incarcerated at the Carroll County Jail in Huntingdon, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on September 3, 2014, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 4.) That order also directed Plaintiff to notify the Clerk immediately of any change of address. (*Id.* at 3.)

On July 21, 2015, the Court issued an order dismissing the complaint for failure to state a claim and granting leave to file an amended complaint as to Defendant Mark Bouges within 30 days. (ECF No. 7 at 8-9.) The order notified Plaintiff that, if he "fails to file an

amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and will enter judgment without further notice." (*Id.* at 9.) However, that order was returned as undeliverable on August 3, 2015. Plaintiff has not submitted any change of address or otherwise communicated with the Court. Therefore, judgment will be entered in accordance with the July 21, 2015, order of dismissal.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944,

951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, the Plaintiff is instructed that if he wishes to take advantage of the PLRA's installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect upon entry of judgment.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE